<hr />

(98 App. Div. 409)

### BLACK v. HIGHLAND SOLAR SALT CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1904.)

1. FLOODING LAND—ACTION FOR INJURIES—DAMAGES.

Where, in an action for injuries to plaintiff's willow land by reason of the flooding thereof with salt water from defendant's factory, alleged to have damaged the land, including plaintiff's willow roots and crop, it appeared that the plant was perennial, if the willows were actually destroyed with the roots when the land was overflowed, plaintiff was only entitled to the difference in the value of the land with and without the roots, and was not entitled to recover for loss of the several willow crops during four years thereafter.

Appeal from Judgment on Report of Referee.

Action by Edward P. Black against the Highland Solar Salt Company. From a judgment entered on a referee's report, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

W. J. & E. E. McClusky, for appellant.
Jones, Young & Conway, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. The action was to recover damages for injury to and destruction of the prop-

erty of plaintiff by the flooding of his land with salt water from the defendant's manufactory. The referee in his report described the location of the properties of the parties, and found that during freshets occurring in the springs of 1897 and 1900 the plaintiff's land was flooded with salt water from defendant's manufactory, which caused damage to willows growing on plaintiff's land and stored in his cellar, for which a judgment was directed in the sum of $720.34. As to the flood of 1897 the finding was that willows growing on the land were lost and destroyed, and as to the flood of 1900 that 80,000 willow slips stored in the cellar were killed and destroyed. These slips were found to be of the value of $1.25 per thousand, the total value being, therefore, $100. The finding as to the value of the willows lost and destroyed in 1897 is as follows:

| | |
|---|---:|
| 1.47 acres producing four tons per acre, in all 5.88 tons, at $18 per ton | $105.84 |
| Loss on same in year 1898 at $20 per ton | 117.60 |
| "     "     "     "     "     1899   "   "   "   "   " | 117.60 |
| "     "     "     "     "     1900   "   $27.50 per ton | 161.70 |
| "     "     "     "     "     1901   "   $20   "   " | 117.60 |
| In all | $620.34 |

And then there follows a finding that the injuries, damages, and loss to plaintiff's real and personal property was the total of $720.34.

It appears that willow roots live in the ground for many years, and a crop grows and is harvested therefrom each year. If the flood of 1897 destroyed the willows, roots and all, the measure of damages was the difference in the value of the land with and without the willow roots. Apparently the referee, instead of awarding the damages upon this basis, allowed for loss of the several crops of 1897, 1898, 1899, and 1900. This was clearly erroneous, if the willows were actually destroyed, roots and all, in 1897. The damage was to the land, and that only could be allowed. Plaintiff could not have damages to the land and also the value of a crop of willows for one year, even; certainly not for four years. Disbrow v. Westchester Hardwood Co., 164 N. Y. 415, 58 N. E. 519. If the plaintiff's claim was that this salt water in 1897 injured the willow roots so that there was no crop of value that year, and that in 1898 the roots still had some life, but the crop of that year was of no value, and so on to the subsequent years, the condition of the roots all along having been the result of the flood of 1897, and they finally dying outright, still the damages were to the land, to the roots, and not alone to the crop for any one or more years, and should have been considered and proved as such. If an attempt were made to recover the value of the willows separate from the land, it would be the value of the roots as well as the crop for the year 1897; and when that value was once ascertained it would be final. No recovery could be had for any crops lost during the following years. The items for the several years in the referee's report evidently were for the crops of those years, and not for the loss or damage to the roots or to the land. That was not the correct

measure of damages. The judgment must therefore be reversed for errors in the reception of evidence as to damages and in fixing the amount of the same.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.